George Haines, Esq.
New Jersey Bar No. 032111999
ghaines@hainesandkrieger.com
David Krieger, Esq.
New Jersey Bar No. 009422002
dkrieger@hainesandkrieger.com
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518

Joshua W. Denbeaux, Esq.
New Jersey Bar No. # 013871996
jdenbeaux@denbeauxlaw.com
Denbeaux & Denbeaux
366 Kinderkamack Road
Westwood, NJ  07675

Attorneys for Plaintiffs, ZESIS KARAVAS AND BETH SCHELEST

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZESIS KARAVAS AND BETH SCHELEST,<br><br>Plaintiffs,<br><br>vs.<br><br>HLADIK, ONORATO & FEDERMAN<br><br>Defendant | Case No.:<br><br>COMPLAINT AND JURY DEMAND |

COMPLAINT AND JURY DEMAND - 1

ZESIS KARAVAS and BETH SCHELEST, of full age, hereby Complain as follows:

## JURISDICTION

1. This action arises out of Defendant's (as applicable and discussed herein) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") in its illegal efforts to collect a consumer debt and jurisdiction is therefore proper in this Court pursuant to 28 U.S.C. § 1331.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiffs reside within the District of New Jersey, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

4. Plaintiffs ZESIS KARAVAS and BETH SCHELEST ("Plaintiffs" or "Mr Karavas and Ms Schelest") are adult individuals and New Jersey residents, and are "consumers" as the term is defined by 15 U.S.C. § 1692a(3). Plaintiffs both reside at 3 Riverwood Court, Toms River, NJ, 08757.

5. Defendant HLADIK, ONORATO & FEDERMAN ("HOF"), is doing business in the State of New Jersey as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

COMPLAINT AND JURY DEMAND - 2

Defendant's place of business is 1451 Chews Landing Road, Suite 206, Laurel Springs, NJ 08021.

## FACTS

6. Plaintiffs are the owners of a parcel of real property commonly known as 3 Riverwood Court, Toms River, NJ, 08757 (the "Property").

7. Defendant represents non-party THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF NRZ PASS-THROUGH TRUST EBO I FOR THE BENEFIT OF THE HOLDERS OF THE SERIES 2017-1 CERTIFICATES ("BONY") in a foreclosure lawsuit ('the "Lawsuit") regarding the Property BONY filed against Plaintiffs (Superior Court of New Jersey, Ocean County Docket No. F-022283-14).

8. On or about June 22, 2015, Plaintiffs' Motion in Limine to dismiss the Lawsuit was granted ("Dismissal Order"). The Dismissal Order specifically required BONY and its attorneys provide Plaintiffs with discovery *prior* to filing any motion to reinstate the Lawsuit.

…

…

COMPLAINT AND JURY DEMAND - 3

9. The Dismissal Order stated, in part:

> 1. Defendants' Motion *in Limine* to exclude any and all evidence presented by Plaintiff at the time of trial is hereby GRANTED;
> 2. Plaintiff's complaint is hereby dismissed; and,
>
> Page 1 of 2
>
> *US Bank National vs. Karavas, et al*
>
> 3. Plaintiff must provide the requested discovery in advance of filing any motion to reinstate the present matter.
> 4. A copy of the within Order shall be served on all parties within ___ days of the date of this Order.
>
> ( ) OPPOSED
> ( ) UNOPPOSED
>
> FRANCIS R. HODGSON, JR. P.J. Ch, J.S.C.

10. However, notwithstanding the plain requirements in the Dismissal Order, in a collection letter dated February 6, 2019, Defendant sent Plaintiffs a "Notice of Motion to Reinstate the Foreclosure Case", stating Defendant had filed a motion to reinstate the Lawsuit as follows (the "Illegal Collection Action"):

> PLEASE TAKE NOTICE that the undersigned will apply to the above named Court located at 2 Broad Street, Elizabeth, New Jersey 07207 on **February 22, 2019 at 9:00am** for an Order reinstating the instant foreclosure to active status and transferring the matter to the Foreclosure Unit of the Superior Court in Trenton, New Jersey to proceed as an uncontested foreclosure;

COMPLAINT AND JURY DEMAND - 4

11. To date, Plaintiffs have not received the discovery as required by the Dismissal Order.

12. Defendant acts as a "debt collector" as defined in 15 § U.S.C. 1692a(6), as it "regularly collects or attempts to collect, directly or indirectly, [consumer] debts owed or due or asserted to be owed or due another."

13. Specifically, Defendant mailed with the Illegal Collection Action a statement that:

> PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, YOU ARE ADVISED THAT THIS OFFICE IS DEEMED TO BE A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

14. As Defendant is seeking to illegally collect the Debt by moving to reopen the Lawsuit without presenting any of the "requested discovery in advance of filing any motion to reinstate the [Lawsuit]," Defendant has acted illegally in seeking to collect a consumer Debt and acting with no basis in law in collect to the Debt (indeed, its actions are additionally in contempt of the Dismissal Order).

15. As a result of this illegal collection activity, Plaintiffs now commence this litigation in the United States District Court, District of New Jersey, for Defendant's violations of the Fair Debt Collection Practices Act as follows.

///

**Count I**:
<u>Violations of the Fair Debt Collection Practices Act</u>
15 U.S.C. § 1692 *et seq.*

16. As discussed above, Plaintiffs allegedly incurred a financial obligation (the "Debt") to BONY.

17. The Debt arose from services provided by BONY which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

18. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by BONY to collect the Debt.

19. Defendant (as discussed above) attempted to collect the Debt through its collection communications with the Plaintiffs and improperly filed Motion to Reinstate, at the direction of the Creditor, and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

20. Plaintiffs have suffered and continue to suffer actual damages as a result of Defendant's unlawful conduct.

21. As a direct consequence of Defendant's acts, practices and conduct, Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment. Indeed, the Plaintiffs have also contemplated filing bankruptcy to stop Defendant's illegal collection conduct.

22. Defendant's conduct violated 15 U.S.C. § 1692e(5) and e(10) in that it threatened to take action against Plaintiffs which it could not legally take or did not intend to take in collection of a debt. Specifically, Defendant filed the Motion to Reinstate the Lawsuit without providing Plaintiffs discovery responses as required by the Dismissal Order.

23. Defendant's conduct violated 15 U.S.C. § 1692f in that it used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiffs.

24. The Defendant's conduct violated 15 U.S.C. § 1692f(1) in that Defendant attempted to collect an amount not authorized by the agreement between Plaintiff and Creditor. Specifically, Defendant failed to meet the conditions of the Dismissal Order before engaging in its renewed, and illegal, collection conduct.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. Plaintiffs are entitled to damages as a result of Defendant's violations.

27. Plaintiffs have been required to retain the undersigned as counsel to protect Plaintiffs' legal rights to prosecute this cause of action, and are therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

COMPLAINT AND JURY DEMAND - 7

WHEREFORE, Plaintiffs demand the following relief as may apply from Defendant:

a. actual damages including, but not limited to, the emotional distress Plaintiffs have suffered (and continue to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1) including, but not limited to, fear of losing their home, frustration, rage, headaches, and time incurred in dealing with these frustrations;

b. for statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

///

///

///

COMPLAINT AND JURY DEMAND - 8

c. attorney's fees and costs as permitted under 15 U.S.C. § 1692k; and

d. All other relief which the Court may impose.

Dated: February 16, 2019

                                               <u>s/ David Krieger, Esq.</u>
David Krieger, Esq.
New Jersey Bar No. 009422002
George Haines, Esq.
New Jersey Bar No. 032111999
HAINES & KRIEGER, LLC

Denbeaux & Denbeaux

<u>s/ Joshua W. Denbeaux, Esq.</u>
Joshua W. Denbeaux, Esq.
New Jersey Bar No. # 013871996
Denbeaux & Denbeaux

Attorneys for Plaintiffs,
*ZESIS KARAVAS AND BETH SCHELEST*

COMPLAINT AND JURY DEMAND - 9